# RULES RELATING TO APPLICATIONS FOR PARDON

## Department of Justice,

WASHINGTON, D. C., *February 12, 1924.*

1. A formal petition for Executive clemency, addressed to the President and signed by the applicant, must be submitted to the Attorney General before the question of Executive clemency will be considered. An appropriate form of petition will be supplied by the Department upon application therefor. These forms may also be obtained from the wardens of the several Federal penitentiaries.

2. The petition should be indorsed by two or more credible persons who know the applicant and are familiar with the facts in the case. It should be addressed to "The President of the United States," and be forwarded under cover to "The Attorney General," except in case of applications for pardon for desertion or other offenses against the military or naval laws, which should be sent to the Secretary of War and the Secretary of the Navy, respectively.

3. The petition should state the name of the applicant, his age, previous criminal record, if any, whether a citizen of the United States or an alien, and if naturalized, the date of naturalization, previous occupation, place of residence. the crime of which he was convicted, the Court, District, State, the sentence, date of sentence, the penitentiary or prison to which he was sentenced, and the grounds upon which pardon is asked. (See also Rule 13, relative to applications for pardon to restore civil rights.) It is not necessary to furnish a copy of the indictment or other court papers. Additional petitions may be presented signed by citizens generally, but the post office address of each person signing same should be plainly stated.

4. When an application is received it is referred at once, with the accompanying papers, to the United States Attorney for the District where the trial took place, with directions to submit his report and recommendation thereon, sending the statement of his predecessor if he tried the case, and the statement of any Assistant United States Attorney or special attorney for the Government who took part in the trial. He is also directed to obtain, if possible, the views of the trial Judge, and to fill out and return a blank form of docket entries, from which a warrant of pardon may be prepared. Reports are also secured from the appropriate officers of the several Executive departments, and from the warden and prison physician in regard to the prisoner's conduct and physical condition.

5. It is also permissible, where the exigencies of the case require it, for a United States Attorney to submit his report and recommendation, together with the other reports he is required to secure, in advance of, and without a definite request from, the Attorney General; but in every such instance the docket entries referred to in Rule 4 should also be inclosed.

6. As all applications for Executive clemency are sent to the United States Attorney for report and docket entries, it is unnecessary and undesirable for applicants to apply to the Attorney or Judge, except in Alaska. (See Rule 16.)

7. A case once referred for reports will not be again referred without a written request from the United States Attorney or the trial Judge; and a case once acted upon by the President will not be reopened, except upon the presentation of new and material facts.

8. When none of the persons so consulted advises clemency, the papers are not sent to the President except in capital cases or by his special request, or by special order of the Attorney General; but when any one of the officers consulted advises clemency the papers are submitted to the President.

9. Reports to the President by United States Attorneys, Judges, and other officials, on applications for pardon, are treated as confidential, and are not open to inspection by the applicant or by any other person, except with the written assent of the Attorney, Judge, or official making the report, nor, if such

7—1040

[OVER]

assent be given, unless it be shown that the ends of justice require the disclosure. All other papers, except reports or communications to the President or to the Attorney General by officials, are open to inspection by the applicant and his attorney or representative, and by Members of Congress.

10. Applications and accompanying papers can not be withdrawn after they have been referred to the United States Attorney, unless copies thereof are provided by the applicant, at his own expense, for the files of the Department. Action thereon will, however, be withheld by request of the petitioner or his attorney at any time before the case has been sent to the President.

11. Applications will not be considered pending appeals from judgments of conviction; nor shortly before the expiration of sentence, except in unusually urgent and meritorious cases. Petitions for pardon should be filed sufficiently in advance of the expiration of sentence to enable the Attorney in Charge of Pardons to secure the necessary reports and brief the case, and to allow the Attorney General ample time to consider the application and make his report and recommendation thereon to the President.

12. Applications for Executive clemency will not be considered until after the person convicted has served some portion of his sentence (nor, ordinarily, until the prisoner has reached his parole period and been denied parole) except upon a substantial showing of innocence or some other exceptional circumstance, developed since the trial, which clearly justifies an extension of Executive clemency. Every prisoner applying before his parole period must state why release on parole, when eligible, would not substantially meet the requirements in his case.

13. Petition for pardon for the purpose of restoring civil rights will not be considered by the President before expiration of sentence, or while a prisoner is on parole, but after the applicant has been released for not less than one year. such a petition may be presented. Frequently, however, a much longer period is required before favorable action is taken, dependent largely upon the nature of the offense and the character of the applicant both before and since his conviction. In cases of perjury, subornation of perjury, or violation of a public trust involving personal dishonesty, or other crimes of a serious nature, five years' probation is usually required. All applications for pardon to restore civil rights must, in addition to the requirements of Rule 3, state the present address of the petitioner, and be accompanied by affidavits from at least three reputable citizens among whom the petitioner lives, stating that since his release from prison he has conducted himself in a moral and law-abiding manner, what his occupation has been, and what knowledge they have in the premises. Blank applications for this form of clemency will be sent on request.

14. Time spent in jail before sentence is not regarded as ground for Executive clemency, except under very unusual circumstances; nor will time spent in jail after sentence and before imprisonment in a penitentiary be so regarded, unless in excess of thirty days, since a reasonable delay in the transportation of prisoners is necessary and within the contemplation of the court when sentence is pronounced.

15. The President's power to pardon does not extend to offenses against State or Territorial laws. Applications of this character should be sent to the Governor or Board of Pardons of the State or Territory where the offense was committed.

16. Applications for pardon for offenses committed in Alaska, Porto Rico, and Hawaii should be addressed to the President of the United States and follow the outline indicated in Rule 3. They should be presented to the United States Attorney for the District in which the offense was committed, which officer will secure the necessary reports, mentioned in Rule 4, and a report from the jailer and jail physician, and forward the same, together with the docket entries and the petition and accompanying papers to the Attorney General.

17. When final action is taken, the applicant or his attorney is notified of the result. If a pardon or commutation is granted, a warrant is at once prepared and sent to the applicant, either through the United States Marshal or the officer in charge of the place of imprisonment.

H. M. DAUGHERTY,
*Attorney General.*

Approved:
CALVIN COOLIDGE.

## RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY

# Department of Justice

WASHINGTON, D. C.

1. A formal petition for Executive clemency, addressed to "The President of the United States," executed in duplicate and signed by the petitioner, must be submitted to "The Attorney General" before the question of Executive clemency will be considered. Appropriate forms of petition will be supplied by the Department upon application therefor. These forms may also be obtained from the wardens of the several Federal institutions.

2. The petition should state the name of the applicant, his age, previous criminal record, if any, whether a citizen of the United States or an alien, and, if naturalized, his nationality, the date of his naturalization, his previous occupation and place of residence, the crime of which he was convicted, and the court, district, State, sentence, date of sentence, the penitentiary or prison to which he was sentenced, and the grounds upon which clemency is asked. The petition should be endorsed by two or more credible persons who know the petitioner and are familiar with the facts in the case. (See also rule 16 as to petitions for Executive clemency after completion of sentence.) Additional petitions may be presented signed by citizens generally, but the post-office address of each person so signing should be plainly stated.

3. Petitions should be filed sufficiently in advance of the date when action is desired to enable the pardon attorney to secure the necessary reports and prepare the case, and to allow the Attorney General and the President time to give the petition appropriate attention.

4. Petitions for Executive clemency by persons convicted in military or naval courts or tribunals should be sent to the Secretaries of the Army, Navy, or Air Forces.

5. Petitions relating to offenses committed against the United States in Puerto Rico, Hawaii, Virgin Islands, and Canal Zone, and both Federal and Territorial offenses committed in Alaska should be addressed to the President of the United States, and follow the outline indicated in rule 2. In an urgent case such a petition may be presented to the United States attorney for the Territory or division in which the petitioner was convicted, who will proceed in accordance with rule 11 and forward the petition with the required reports and recommendations to the Attorney General. If the petitioner is confined in an institution within the Territory, the United States attorney will procure and forward reports from the warden and the institutional physician.

6. Petitions relating to offenses against Territorial laws, except in Alaska, should be sent to the Governor or Board of Pardons of the Territory where the offense was committed.

7. A petition for Executive clemency will not be regularly entertained until after the person convicted has served some portion of the term of imprisonment, nor, if such term is more than 1 year, unless he has reached his parole eligibility date and been denied parole. Every prisoner applying before his parole eligibility date must show why parole procedure, in due course, would not substantially meet the requirements of his case.

8. A petition for Executive clemency by a person on parole will not be entitled to be referred under rule 11, unless the petitioner has been under parole supervision not less than 4 years. (See rule 16.)

9. Petitions for Executive clemency will not be submitted to the President pending appeals from judgments of conviction; nor shortly before the expiration of sentence, except in unusually urgent and meritorious cases.

10. Time spent in jail before commitment to imprisonment pursuant to final judgment of conviction will not be regarded as a ground for Executive clemency.

11. When a petition is received it shall, subject to rules 7, 8, and 16, be referred at once, with the accompanying papers, to the United States attorney for the district where the trial took place, directing him to submit his report and recommendation thereon, sending also the statement of his predecessor if he had charge of the case, and the statement of any assistant United States attorney or special attorney for the Government who took part in the trial. He is also directed to secure the recommendation and statement of the sentencing judge, if obtainable, and to furnish excerpts from the docket entries from which a warrant of pardon may be prepared. Reports shall also be secured from the appropriate officers of the several executive departments, from the warden or other custodian, and, if deemed advisable, from the prison physician.

12. It is also permissible, where the exigencies require it, for the United States attorney to submit his report and recommendation, together with the other required reports, in advance of, and without a definite request from, the Attorney General.

13. When none of the officers consulted in compliance with rule 11 advises clemency, the papers shall not be sent to the President, except in capital cases or by his special request, or by special order of the Attorney General, but subject to rules 7, 8, and 16, when any one of the officers consulted advises clemency the papers shall be submitted to the President.

14. A case once referred for reports will not be again referred without a written request from the United States attorney or the sentencing judge, and a case once acted upon by the President will not be reopened except upon the presentation of new and material facts.

15. Reports to the President, by United States attorneys, judges, and other officials are confidential, and are not open to inspection by the petitioner or by any other persons, except with the written assent of the attorney, judge, or official making the report, nor, if such assent be given, unless it be shown that the ends of justice require its disclosure. All other papers, except reports or communications to the President or to the Attorney General by officials, are open to inspection by the petitioner and his attorney or representative.

16. A petition for pardon after completion of sentence will not be referred for reports unless the petitioner has been released from custody not less than 3 years and is not on parole or probation. A longer period may be required before favorable action is taken, dependent largely on the nature of the offense and the character of the petitioner, both before and since his conviction. In cases of perjury, subornation of perjury; or violation of a public trust involving personal dishonesty, or other crimes of a serious nature, the lapse of 5 years after release is usually required. Provided further that when the sentence of a prisoner on parole has been commuted upon a petition presented under rule 8, a petition for pardon will not be referred for reports unless the petitioner has been discharged from supervision not less than 2 years.

17. A petition for pardon after completion of sentence must, in addition to the requirements of rule 2, state the present address of the petitioner, and be accompanied by affidavits from at least three reputable citizens stating their knowledge of the applicant's character, reputation, and occupation since his release from custody. Blank petitions and affidavit forms will be forwarded on request.

18. The record and conduct of each petitioner for pardon after completion of sentence shall be thoroughly investigated by the Federal Bureau of Investigation on request of the United States attorney to whom the petition has been referred.

19. When final action is taken, the petitioner or his attorney is notified of the result. Where clemency is extended to a person in confinement the official warrant of pardon or commutation is sent to the petitioner through the United States marshal or the officer in charge of the place of confinement. In cases where sentence has been completed the warrant is sent to the petitioner.

J. HOWARD McGRATH,
*Attorney General.*

Approved:

*January 19, 1946.*

HARRY S. TRUMAN.

# RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY

## Department of Justice

WASHINGTON, D.C.

§ 1.1 *Submission of petition; form to be used.*—Persons seeking Executive clemency, by pardon or by commutation of sentence, including remission of fine, shall execute formal petitions therefor which shall be addressed to the President of the United States and which, except those relating to military or naval offenses, shall be submitted to the Attorney General of the United States. Appropriate forms for such petitions will be furnished by the Department of Justice, Washington, D.C., upon application therefor. Forms for petition for commutation of sentence may also be obtained from the warden of Federal penal institutions. Forms furnished by the Department of Justice for use in pardon cases may be used by petitioners in cases relating to the forfeiture of veterans' benefits, with appropriate modifications. A petitioner applying for Executive clemency with respect to military or naval offenses should submit his petition directly to the Secretary of the military department which had original jurisdiction over the court-martial trial and conviction of the petitioner. In such instance, a form furnished by the Department of Justice may be used but should be modified to meet the needs of the particular case.

§ 1.2 *Contents of petition.*—Each petition for Executive clemency should include: the name and age of the petitioner; the court, district, and State in which he was convicted; the date of sentence; the crime of which he was convicted; the sentence imposed; the date he commenced service of sentence; and the place of confinement. In the case of a petition for pardon, the petitioner should also state his age at the time of commission of the offense; the date of release from confinement; whether he is a citizen of the United States or an alien; his marital status; his prior and subsequent criminal record, if any; his employment since conviction; and his place of residence. A petition may be accompanied by endorsements. It is desirable that all applications for pardons be accompanied by at least three character affidavits.

§ 1.3 *Eligibility for filing petition for pardon.*—No petition for pardon should be filed until the expiration of a waiting period of at least 3 years subsequent to the date of the release of the petitioner from confinement, or, in case no prison sentence was imposed, until the expiration of a period of at least 3 years subsequent to the date of the conviction of the petitioner. In some cases, such as those involving violation of narcotic laws, income tax laws, perjury, violation of public trust involving personal dishonesty, or other crimes of a serious nature a waiting period of 5 years is usually required. In cases of aliens seeking a pardon to avert deportation, the waiting period may be waived. Generally, no petition should be submitted by a person who is on probation or parole.

§ 1.4 *Eligibility for filing petition for commutation of sentence.*—A petition for commutation of sentence, including remission of fine, should be filed only if no other form of relief is available, such as from the court or the United States Board of Parole, or if unusual circumstances exist, such as critical illness, severity of sentence, ineligibility for parole, or meritorious service rendered by the petitioner.

§ 1.5 *Offenses against the laws of possessions or territories of the United States.*—Petitions for Executive clemency shall relate only to violations of laws of the United States. Petitions relating to violations of laws of the possessions of the United States or territories subject to the jurisdiction thereof should be submitted to the appropriate official or agency of the possession or territory concerned.

§ 1.6 *Disclosure of files.*—Reports, memoranda, and communications submitted or furnished in connection with the consideration of a petition for Executive clemency shall be available only to officials concerned with the consideration of the petition; provided that they may be open to inspection by the petitioner or by his attorney or other representative if, in the opinion of the Attorney General or his representative, the disclosure sought is required by the ends of justice.

§ 1.7 *Consideration of petitions by the Attorney General; recommendations to the President.*—(a) Upon receipt of a petition for Executive clemency, the Attorney General shall consider that petition and cause such investigation to be made with respect thereto as he may deem appropriate and necessary, using the services of, or obtaining reports from appropriate officials and agencies of the Government, including the Federal Bureau of Investigation, to the extent deemed necessary or desirable.

(b) The Attorney General shall review each petition and all pertinent information developed by his investigation thereof and shall advise the President whether, in his judgment, the request for clemency is of sufficient merit to warrant favorable action by the President.

(c) If he determines that the request merits favorable action by the President, he shall submit the petition to the President together with a warrant prepared for the signature of the President granting the clemency recommended by the Attorney General.

(d) If he determines that the petition and information developed by his investigation do not, in his judgment, merit favorable action by the President he shall provide the President with a concise statement enumerating the essential facts concerning the petitioner, the petition, and his reasons for recommending denial of clemency.

§ 1.8 *Notification of grant of clemency.*—When a petition for pardon is granted, the petitioner or his attorney shall be notified of such action, and the warrant of pardon shall be mailed to the petitioner. When commutation of sentence is granted, the petitioner shall be notified of such action, and the warrant of commutation shall be sent to the petitioner through the officer in charge of his place of confinement, or directly to the petitioner if he is on parole.

§ 1.9 *Notification of denial of clemency.*—(a) Whenever the President notifies the Attorney General that he is denying a request for clemency, the Attorney General, or at his direction the Pardon Attorney, shall so advise the petitioner and close the case.

(b) Whenever the Attorney General recommends that the President deny a request for clemency and the President does not disapprove or take other action with respect to that adverse recommendation within 30 days after the date of its submission to him, it shall be presumed that the President concurs in that adverse recommendation of the Attorney General, and the Attorney General, or at his direction the Pardon Attorney, shall so advise the petitioner and close the case.

These regulations shall become effective on the thirty-first day following the date of their publication in the FEDERAL REGISTER.

ROBERT F. KENNEDY,
*Attorney General.*

Date: October 18, 1962.

Approved: JOHN F. KENNEDY.
Date: October 30, 1962.

Published in the FEDERAL REGISTER of the National Archives of the United States, November 10, 1962, Volume 27, Number 220, Part I, at pages 11002 and 11003.

# RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY

# United States Department of Justice

WASHINGTON, D.C.

## PART 1—EXECUTIVE CLEMENCY

Sec.

1.1 Submission of petition; form to be used; contents of petition.

1.2 Eligibility for filing petition for pardon.

1.3 Eligibility for filing petition for commutation of sentence.

1.4 Offenses against the laws of possessions or territories of the United States.

1.5 Disclosure of files.

1.6 Consideration of petitions; recommendations to the President.

1.7 Notification of grant of clemency.

1.8 Notification of denial of clemency.

1.9 Delegation of authority.

1.10 Advisory nature of regulations.

Authority: U.S. Const., Art. II, Sec. 2, and authority of the President as Chief Executive.

### § 1.1 Submission of petition; form to be used; contents of petition.

Persons seeking Executive clemency by pardon, reprieve, commutation of sentence or remission of fine shall execute formal petitions therefor. The petitions shall be addressed to the President of the United States and shall be submitted to the Pardon Attorney, Department of Justice, Washington, D.C. 20530, except for petitions relating to military offenses. Petitions and other required forms may be obtained from the Pardon Attorney. Petition forms for commutation of sentence also may be obtained from the wardens of Federal penal institutions. A petitioner applying for Executive clemency with respect to military offenses should submit his petition directly to the Secretary of the military department which had original jurisdiction over the court-martial trial and conviction of the petitioner. In such instance, a form furnished by the Pardon Attorney may be used but should be modified to meet the needs of the particular case. Each petition for Executive clemency should include the information required in the form prescribed by the Attorney General.

### § 1.2 Eligibility for filing petition for pardon.

No petition for pardon should be filed until the expiration of a waiting period of at least five years subsequent to the date of the release of the petitioner from confinement or, in case no prison sentence was imposed, until the expiration of a period of at least five years subsequent to the date of the conviction of the petitioner. In some cases, such as those involving violent crimes, violation of narcotics laws, gun control laws, income tax laws, perjury, violation of public trust involving personal dishonesty, fraud involving substantial sums of money, violations involving organized crime, or other crimes of a serious nature, no petition should be filed until the expiration of a waiting period of seven years. The waiting period may be waived in cases of aliens seeking a pardon to avert deportation. Generally, no petition should be submitted by a person who is on probation or parole.

### § 1.3 Eligibility for filing petition for commutation of sentence.

A petition for commutation of sentence, including remission of fine, should be filed only if no other form of relief is available, such as from a court or the United States Parole Commission, or if unusual circumstances exist, such as critical illness, severity of sentence, ineligibility for parole, or meritorious service rendered by the petitioner.

### § 1.4 Offenses against the laws of possessions or territories of the United States.

Petitions for Executive clemency shall relate only to violations of laws of the United States. Petitions relating to violations of laws of the possessions of the United States or territories subject to the jurisdiction thereof should be submitted to the appropriate official or agency of the possession or territory concerned.

### § 1.5 Disclosure of files.

Petitions, reports, memoranda and communications submitted or furnished in connection with the consideration of a petition for Executive clemency generally shall be available only to the officials concerned with the consideration of the petition. However, they may be made available for inspection, in whole or in part, when in the judgment of the Attorney General their disclosure is required by law or the ends of justice.

### § 1.6 Consideration of petitions; recommendations to the President.

(a) Upon receipt of a petition for Executive clemency the Attorney General shall cause such investigation to be made of the matter as he may deem necessary and appropriate, using the services of, or obtaining reports from, appropriate officials and agencies of the Government, including the Federal Bureau of Investigation.

(b) The Attorney General shall review each petition and all pertinent information developed by the investigation and shall determine whether the request for clemency is of sufficient merit to warrant favorable action by the President. He shall report in writing his recommendation to the President, stating whether in his judgment the President should grant or deny the petition.

### § 1.7 Notification of grant of clemency.

When a petition for pardon is granted, the petitioner or his attorney shall be notified of such action and the warrant of pardon shall be mailed to the petitioner. When commutation of sentence is granted, the petitioner shall be notified of such action and the warrant of commutation shall be sent to the petitioner through the officer in charge of his place of confinement, or directly to the petitioner if he is on parole.

### § 1.8 Notification of denial of clemency.

(a) Whenever the President notifies the Attorney General that he is denying a request for clemency, the Attorney General shall so advise the petitioner and close the case.

(b) Whenever the Attorney General recommends that the President deny a request for clemency and the President does not disapprove or take other action with respect to that adverse recommendation within 30 days after the date of its submission to him, it shall be presumed that the President concurs in that adverse recommendation of the Attorney General, and the Attorney General shall so advise the petitioner and close the case.

### § 1.9 Delegation of authority.

The Attorney General may delegate to any officer of the Department of Justice any of his duties or responsibilities under §§ 1.1 through 1.8.

### § 1.10 Advisory nature of regulations.

The regulations contained in this part are advisory only and for the internal guidance of Department of Justice personnel. They create no enforceable rights in persons applying for Executive clemency, nor do they restrict the authority granted to the President under Article II, Section 2 of the Constitution.

**William French Smith**
*Attorney General*

Dated: April 27, 1983

Approved:

**Ronald Reagan**
*President*

Dated: May 5, 1983

# RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY

# United States Department of Justice

WASHINGTON, D.C.

PART 1 - EXECUTIVE CLEMENCY

Sec.

1.1   Submission of petition; form to be used; contents of petition.

1.2   Eligibility for filing petition for pardon.

1.3   Eligibility for filing petition for commutation of sentence.

1.4   Offenses against the laws of possessions or territories of the United States.

1.5   Disclosure of files.

1.6   Consideration of petitions; recommendations to the President.

1.7   Notification of grant of clemency.

1.8   Notification of denial of clemency.

1.9   Delegation of authority.

1.10   Advisory nature of regulations.

Authority: U.S. Const., Art. II, sec. 2; authority of the President as Chief Executive; and 28 U.S.C. §§ 509, 510.

## § 1.1 Submission of petition; form to be used; contents of petition.

A person seeking executive clemency by pardon, reprieve, commutation of sentence, or remission of fine shall execute a formal petition. The petition shall be addressed to the President of the United States and shall be submitted to the Pardon Attorney, Department of Justice, Washington, D.C. 20530, except for petitions relating to military offenses. Petitions and other required forms may be obtained from the Pardon Attorney. Petition forms for commutation of sentence also may be obtained from the wardens of federal penal institutions. A petitioner applying for executive clemency with respect to military offenses should submit his or her petition directly to the Secretary of the military department that had original jurisdiction over the court-martial trial and conviction of the petitioner. In such a case, a form furnished by the Pardon Attorney may be used but should be modified to meet the needs of the particular case. Each petition for executive clemency should include the information required in the form prescribed by the Attorney General.

## § 1.2 Eligibility for filing petition for pardon.

No petition for pardon should be filed until the expiration of a waiting period of at least five years after the date of the release of the petitioner from confinement or, in case no prison sentence was imposed, until the expiration of a period of at least five years after the date of the conviction of the petitioner. Generally, no petition should be submitted by a person who is on probation, parole, or supervised release.

## § 1.3 Eligibility for filing petition for commutation of sentence.

No petition for commutation of sentence, including remission of fine, should be filed if other forms of judicial or administrative relief are available, except upon a showing of exceptional circumstances.

## § 1.4 Offenses against the laws of possessions or territories of the United States.

Petitions for executive clemency shall relate only to violations of laws of the United States. Petitions relating to violations of laws of the possessions of the United States or territories subject to the jurisdiction of the United States should be submitted to the appropriate official or agency of the possession or territory concerned.

## § 1.5 Disclosure of files.

Petitions, reports, memoranda, and communications submitted or furnished in connection with the consideration of a petition for executive clemency generally shall be available only to the officials concerned with the consideration of the petition. However, they may be made available for inspection, in whole or in part, when in the judgment of the Attorney General their disclosure is required by law or the ends of justice.

## § 1.6 Consideration of petitions; recommendations to the President.

(a) Upon receipt of a petition for executive clemency, the Attorney General shall cause such investigation to be made of the matter as he/she may deem necessary and appropriate, using the services of, or obtaining reports from, appropriate officials and agencies of the Government, including the Federal Bureau of Investigation.

(b) The Attorney General shall review each petition and all pertinent information developed by the investigation and shall determine whether the request for clemency is of sufficient merit to warrant favorable action by the President. The Attorney General shall report in writing his or her recommendation to the President, stating whether in his or her judgment the President should grant or deny the petition.

## § 1.7 Notification of grant of clemency.

When a petition for pardon is granted, the petitioner or his or her attorney shall be notified of such action and the warrant of pardon shall be mailed to the petitioner. When commutation of sentence is granted, the petitioner shall be notified of such action and the warrant of commutation shall be sent to the petitioner through the officer in charge of his or her place of confinement, or directly to the petitioner if he/she is on parole, probation, or supervised release.

## § 1.8 Notification of denial of clemency.

(a) Whenever the President notifies the Attorney General that he has denied a request for clemency, the Attorney General shall so advise the petitioner and close the case.

(b) Except in cases in which a sentence of death has been imposed, whenever the Attorney General recommends that the President deny a request for clemency and the President does not disapprove or take other action with respect to that adverse recommendation within 30 days after the date of its submission to him, it shall be presumed that the President concurs in that adverse recommendation of the Attorney General, and the Attorney General shall so advise the petitioner and close the case.

## § 1.9 Delegation of authority.

The Attorney General may delegate to any officer of the Department of Justice any of his or her duties or responsibilities under §§ 1.1 through 1.8.

## § 1.10 Advisory nature of regulations.

The regulations contained in this part are advisory only and for the internal guidance of Department of Justice personnel. They create no enforceable rights in persons applying for executive clemency, nor do they restrict the authority granted to the President under Article II, Section 2 of the Constitution.

Dated: August 23, 1993.
Janet Reno,
*Attorney General.*

Dated: October 12, 1993.
Approved:
William J. Clinton,
*President.*

Published in the FEDERAL REGISTER of the National Archives of the United States, October 18, 1993 Vol. 58, No. 199, at pages 53658 and 53659. 28 CFR 1.1 et seq. See also 28 CFR 0.35 and 0.36.

# RULES GOVERNING PETITIONS FOR EXECUTIVE CLEMENCY:

## UNITED STATES DEPARTMENT OF JUSTICE

### WASHINGTON, D.C.

**PART I - EXECUTIVE CLEMENCY**

Sec.

1.1    Submission of petition; form to be used; contents of petition.

1.2    Eligibility for filing petition for pardon.

1.3    Eligibility for filing petition for commutation of sentence.

1.4    Offenses against the laws of possessions or territories of the United States.

1.5    Disclosure of files.

1.6    Consideration of petitions; notification of victims; recommendations to the President.

1.7    Notification of grant of clemency.

1.8    Notification of denial of clemency.

1.9    Delegation of authority.

1.10    Procedures applicable to prisoners under a sentence of death imposed by a United States Court.

1.11    Advisory nature of regulations.

**Authority:** U.S. Const., Art. II, sec. 2; authority of the President as Chief Executive; and 28 U.S.C. §§ 509, 510.

**§ 1.1 Submission of petition; form to be used; contents of petition.**

A person seeking executive clemency by pardon, reprieve, commutation of sentence, or remission of fine shall execute a formal petition. The petition shall be addressed to the President of the United States and shall be submitted to the Pardon Attorney, Department of Justice, Washington, D.C. 20530, except for petitions relating to military offenses. Petitions and other required forms may be obtained from the Pardon Attorney. Petition forms for commutation of sentence also may be obtained from the wardens of federal penal institutions. A petitioner applying for executive clemency with respect to military offenses should submit his or her petition directly to the Secretary of the military department that had original jurisdiction over the court-martial trial and conviction of the petitioner. In such a case, a form furnished by the Pardon Attorney may be used but should be modified to meet the needs of the particular case. Each petition for executive clemency should include the information required in the form prescribed by the Attorney General.

**§ 1.2 Eligibility for filing petition for pardon.**

No petition for pardon should be filed until the expiration of a waiting period of at least five years after the date of the release of the petitioner from confinement or, in case no prison sentence was imposed, until the expiration of a period of at least five years after the date of the conviction of the petitioner. Generally, no petition

should be submitted by a person who is on probation, parole, or supervised release.

**§ 1.3 Eligibility for filing petition for commutation of sentence.**

No petition for commutation of sentence, including remission of fine, should be filed if other forms of judicial or administrative relief are available, except upon a showing of exceptional circumstances.

**§ 1.4 Offenses against the laws of possessions or territories of the United States.**

Petitions for executive clemency shall relate only to violations of laws of the United States. Petitions relating to violations of laws of the possessions of the United States or territories subject to the jurisdiction of the United States should be submitted to the appropriate official or agency of the possession or territory concerned.

**§ 1.5 Disclosure of files.**

Petitions, reports, memoranda, and communications submitted or furnished in connection with the consideration of a petition for executive clemency generally shall be available only to the officials concerned with the consideration of the petition. However, they may be made available for inspection, in whole or in part, when in the judgment of the Attorney General their disclosure is required by law or the ends of justice.

**§ 1.6  Consideration of petitions; notification of victims; recommendations to the President.**

(a)  Upon receipt of a petition for executive clemency, the Attorney General shall cause such investigation to be made of the matter as he or she may deem necessary and appropriate, using the services of, or obtaining reports from, appropriate officials and agencies of the Government, including the Federal Bureau of Investigation.

(b)(1)  When a person requests clemency (in the form of either a commutation of a sentence or a pardon after serving a sentence) for a conviction of a felony offense for which there was a victim, and the Attorney General concludes from the information developed in the clemency case that investigation of the clemency case warrants contacting the victim, the Attorney General shall cause reasonable effort to be made to notify the victim or victims of the crime for which clemency is sought:

(i)  That a clemency petition has been filed;

(ii)  That the victim may submit comments regarding clemency; and

(iii)  Whether the clemency request ultimately is granted or denied by the President.

(2)  In determining whether contacting the victim is warranted, the Attorney General shall consider the seriousness and recency of the offense, the nature and extent of the harm to the victim, the defendant's overall criminal history and history of violent behavior, and the likelihood that clemency could be recommended in the case.

(3)  For the purposes of this paragraph (b), "victim" means an individual who:

(i)  Has suffered direct or threatened physical, emotional, or pecuniary harm as a result of the commission of the crime for which clemency is sought (or, in the case of an individual who dies or was rendered incompetent as a direct and proximate result of the commission of the crime for which clemency is sought, one of the following relatives of the victim (in order of preference): the spouse; an adult offspring; or a parent); and

(ii)  Has on file with the Federal Bureau of Prisons a request to be notified pursuant to 28 CFR 551.152 of the offender's release from custody.

(4)  For the purposes of this paragraph (b), "reasonable effort" is satisfied by mailing to the last-known address reported by the victim to the Federal Bureau of Prisons under 28 CFR 551.152.

(5)  The provisions of this paragraph (b) apply to clemency cases filed on or after September 28, 2000.

(c)  The Attorney General shall review each petition and all pertinent information developed by the investigation and shall determine whether the request for clemency is of sufficient merit to warrant favorable action by the President. The Attorney General shall report in writing his or her recommendation to the President, stating whether in his or her judgment, the President should grant or deny the petition.

**§ 1.7  Notification of grant of clemency.**

When a petition for pardon is granted, the petitioner or his or her attorney shall be notified of such action and the warrant of pardon shall be mailed to the petitioner. When commutation of sentence is granted, the petitioner shall be notified of such action and the warrant of commutation shall be sent to the petitioner through the officer in charge of his or her place of confinement, or directly to the petitioner if he/she is on parole, probation, or supervised release.

**§ 1.8  Notification of denial of clemency.**

(a)  Whenever the President notifies the Attorney General that he has denied a request for clemency, the Attorney General shall so advise the petitioner and close the case.

(b)  Except in cases in which a sentence of death has been imposed, whenever the Attorney General recommends that the President deny a request for clemency and the President does not disapprove or take other action with respect to that adverse recommendation within 30 days after the date of its submission to him, it shall be presumed that the President concurs in that adverse recommendation of the Attorney General, and the Attorney General shall so advise the petitioner and close the case.

**§ 1.9  Delegation of authority.**

The Attorney General may delegate to any officer of the Department of Justice any of his or her duties or responsibilities under §§ 1.1 through 1.8.

**§ 1.10  Procedures applicable to prisoners under a sentence of death imposed by a United States District Court.**

The following procedures shall apply with respect to any request for clemency by a person under a sentence of death imposed by a United States District Court for an offense against the United States. Other provisions set forth in this part shall also apply to the extent they are not inconsistent with this section.

(a)  Clemency in the form of reprieve or commutation of a death sentence imposed by a United States District Court shall be requested by the person under the sentence of death or by the person's attorney acting with the person's written and signed authorization.

- 3 -

(b) No petition for reprieve or commutation of a death sentence should be filed before proceedings on the petitioner's direct appeal of the judgment of conviction and first petition under 28 U.S.C. 2255 have terminated. A petition for commutation of sentence should be filed no later than 30 days after the petitioner has received notification from the Bureau of Prisons of the scheduled date of execution. All papers in support of a petition for commutation of sentence should be filed no later than 15 days after the filing of the petition itself. Papers filed by the petitioner more than 15 days after the commutation petition has been filed may be excluded from consideration.

(c) The petitioner's clemency counsel may request to make an oral presentation of reasonable duration to the Office of the Pardon Attorney in support of the clemency petition. The presentation should be requested at the time the clemency petition is filed. The family or families of any victim of an offense for which the petitioner was sentenced to death may, with the assistance of the prosecuting office, request to make an oral presentation of reasonable duration to the Office of the Pardon Attorney.

(d) Clemency proceedings may be suspended if a court orders a stay of execution for any reason other than to allow completion of the clemency proceeding.

(e) Only one request for commutation of a death sentence will be processed to completion, absent a clear showing of exceptional circumstances.

(f) The provisions of this § 1.10 apply to any person under a sentence of death imposed by a United States District Court for whom an execution date is set on or after August 1, 2000.

§ 1.11 Advisory nature of regulations.

The regulations contained in this part are advisory only and for the internal guidance of Department of Justice personnel. They create no enforceable rights in persons applying for executive clemency, nor do they restrict the authority granted to the President under Article II, Section 2 of the Constitution.

Published in the FEDERAL REGISTER of the National Archives of the United States, October 18, 1993, Vol. 58, No. 199, at pages 53658 and 53659; as amended by a publication in the FEDERAL REGISTER of the National Archives of the United States, August 8, 2000, Vol. 65, No. 153, at page 48381; and as amended by a publication in the FEDERAL REGISTER of the National Archives and Records Administration of the United States, September 28, 2000, Vol. 65, No. 189, at pages 58223 and 58224, 28 CFR 1.1 et seq. See also 28 CFR 0.35