## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

DANIEL LEE,                                 )
           PLAINTIFF,                  )               Judge Chutkan
                                 )
    v.                                        )               Civil Action No. 1:19-cv-03611-TSC
                                 )
                                 )
WILLIAM BARR, ET AL**.**                    )
                                 )
                                 )
                                 )
         DEFENDANTS.                      )

---

### DECLARATION OF GEORGE G. KOUROS

Pursuant to 28 U.S.C. § 1746, George G. Kouros declares as follows:

1.  I am an Assistant Federal Public Defender for the Federal Capital Habeas Project in the Federal Public Defender for the District of Maryland. We are appointed counsel for Plaintiff Daniel Lee in the above matter.

2.  Mr. Lee is incarcerated in the Special Confinement Unit ("SCU") at the United States Penitentiary in Terre Haute, Indiana.

3.  On August 5, 2019, I was at USP-Terre Haute for a legal visit with Mr. Lee. As is customary during such visits, a correctional officer was posted outside the SCU legal visitation room and was responsible for opening and closing the locked visitation room doors whenever I asked to be let out to go to the vending machine, or when Mr. Lee would ask to be let out to go to the restroom and to return.

4.  On one occasion when opening the door, the correctional officer entered and spoke to me and to Mr. Lee. He stated that he was aware of Mr. Lee's pending execution and that he did not think it was right. He indicated that he had known Mr. Lee for many years in his capacity as an

SCU officer and that Mr. Lee had always treated him with respect and had not been a problem inmate. He said that people are capable of change in prison, that they can be educated and better themselves. He stated that Mr. Lee was a good example of that and, whatever Mr. Lee may have done to land him at Terre Haute, he "was not that same person anymore."

5.    The correctional officer further stated that he was aware of how Mr. Lee was portrayed in the media, as a violent white supremacist, and that this was not an accurate. He said Mr. Lee was an easy inmate to supervise, was well-liked by other inmates and other staff in the SCU, and got along with everyone, including minority prisoners and staff. He stated that Mr. Lee had "matured" into a different person than the young person he was when he did whatever it was that landed him in prison.

6.    I asked this correctional officer if he would be willing to provide a statement in support of Mr. Lee's clemency petition and he responded that he would be willing to do so. He also said that he thought there were other staff members in the SCU who would also be supportive of Mr. Lee's clemency request. I asked him who, and he gave me the name of one staff member, but he said there were others, too.

7.    Later that day, the same correctional officer spoke to me and Mr. Lee again. He described Mr. Lee as a "poster boy" for how an inmate could turn his life around in prison. He stated that the BOP has the ability to "educate inmates" and safely house them. He thought there was no reason to execute Mr. Lee because he wasn't a dangerous person, like some other inmates. I again asked him if he would be willing to provide this information in a statement to support Mr. Lee's request for clemency, and he said that he would.

8.    On August 6, 2019, I returned to USP-Terre Haute for another SCU legal visit with Mr. Lee. The same correctional officer with whom I'd spoken the day before was on duty again on

this day. I gave him my business card and told him that I would like to speak with him again about providing a statement in support of Mr. Lee's request for clemency.

9.  On August 28, 2019, I returned to USP-Terre Haute for another SCU legal visit with Mr. Lee. The same correctional officer with whom I'd spoken on August 5 and 6 was on duty on this day too. One occasion when he let me out of the visitation room, I asked him if he was still willing to provide me with a statement in support of Mr. Lee's clemency petition. He told me that after he spoke to me the last time I was at the prison, he was cautioned that he could not provide a statement unless it was cleared with "legal." The correctional officer stated that he still wanted to provide a statement in support of Mr. Lee's clemency request, and that if the BOP lawyers would give him approval, he would do so.

10. The correctional officer repeated the same statements that he made on August 6 about what he would say if he were allowed to provide a statement: that he had gotten to know Mr. Lee well over many years of working in the SCU and that Mr. Lee was not dangerous, and was a model inmate and nothing like the way he was portrayed in the media. The correctional officer said that sometimes the BOP needs to "hit a fly with a hammer" in order to instill discipline, but that Mr. Lee is not like that, he is easy to manage and has never given him any problems.

11. The correctional officer stated that most people who have never been inside a prison make assumptions that all inmates are dangerous and uncontrollable, but he has a perspective on the SCU population that is based on actually having worked there for years and getting to observe and interact with the inmates on a daily basis. He said that based on knowing Mr. Lee for years, he knew that Mr. Lee was not violent or dangerous. He stated that I should know that Mr. Lee had been given an orderly job in the SCU, which meant that the staff trusted Mr. Lee enough to give him that position.

3

12. The correctional officer said that many of the men who go to prison don't come from stable homes and that sometimes it's the COs that become their "father figures" and mentor them and teach them how to grow and mature into men. He stated that Mr. Lee was "a man now" and that he treated the staff and other inmates respectfully, the way a man is supposed to do.

13. The correctional officer also informed me that there were other staff members who were also interested in providing information and statements in support of Mr. Lee's clemency petition, but that they, too, were warned that they needed approval from "legal."

14. On August 30, 2019, I began an email correspondence with Katherine Siereveld, BOP Legal Counsel at USP-Terre Haute, about my conversations with the correctional officer, and his and others' willingness to provide information and statements on behalf of Mr. Lee's clemency application.[1] I requested the approval the officers needed, and Ms. Siereveld responded, on September 6, 2019, that she had to "run this up the chain."

15. After an extended exchange by email with Ms. Siereveld regarding whether the officers would be permitted to give me statements, on September 12, 2019, after being pressed for clarity, she confirmed that no staff member would be allowed to speak to us or offer information in support of Mr. Lee's clemency petition.

I declare under penalty of perjury that the foregoing is true and correct.

_____
GEORGE G. KOUROS
Executed in Chicago, Illinois on December 5, 2019.

---

[1] My email correspondence with Ms. Siereveld about this issue is attached as an exhibit to this declaration, with personal and identifying information redacted.

4

# Exhibit

| | |
|---|---|
| **From:** | Katherine Siereveld |
| **To:** | George Kouros |
| **Subject:** | RE: Clemency |
| **Date:** | Thursday, September 12, 2019 10:06:42 AM |

I'm sorry for the confusion.  No, we are not able to authorize ███████ or any other staff member to speak with you or offer opinions on Mr. Lee's clemency petition.
Thanks,
Katherine

>>> George Kouros < ███████ @fd.org> 9/12/2019 11:03 AM >>>
Hi Katherine,

I appreciate you working to run this down, but we're just about out of time here. I'm not clear from your email: are you or are you not allowing ███████, or other BOP employees, to speak with us and to support Mr. Lee's clemency petition?

Thanks,
George

George G. Kouros

Staff Attorney, Federal Capital Habeas Project

Office of the Federal Public Defender, Chicago Office

55 E. Monroe Street, Suite 2800

Chicago, IL 60603

(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.

**From:** Katherine Siereveld < ███████ @bop.gov>
**Sent:** Thursday, September 12, 2019 8:35 AM
**To:** George Kouros < ███████ @fd.org>
**Subject:** RE: Clemency

Hi George,

We have been diligently working on your request.  It turns out the Pardon Attorney has their own reg on the issue and they have made it clear to the USAO that they are not seeking a recommendation from us or input beyond the inmate's documentation we have already provided.

The reg is 28 CFR 571.41(a) and (b):

(a)... Except as provided in paragraph (b) of this section, no Bureau of Prisons recommendation is to be forwarded with the package of material submitted to the U.S. Pardon Attorney.

(b) When specifically requested by the U.S. Pardon Attorney, the Director, Bureau of Prisons shall submit a recommendation on the petition.  Prior to making a recommendation, the Director may request comments from

the Warden at the institution where the inmate is confined.  Upon review of those comments, the Director will forward a recommendation on the petition to the U.S. Pardon Attorney.

I'm sorry that I couldn't be of more help.  Please let me know if there is any additional information I can provide. Thanks,
Katherine

>>> George Kouros <███████@fd.org> 9/11/2019 9:03 PM >>>
Hi Katherine,

I hope you're well. Checking in again -- is there any update? We're running up against the clock here... Is there any way I can help speed this up? Is there someone up the chain that I can talk to?

Thanks,
George

George G. Kouros

Staff Attorney, Federal Capital Habeas Project

Office of the Federal Public Defender, Chicago Office

55 E. Monroe Street, Suite 2800

Chicago, IL 60603

(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.

**From:** Katherine Siereveld <████████@bop.gov>
**Sent:** Monday, September 9, 2019 2:30 PM
**To:** George Kouros <████████@fd.org>
**Subject:** RE: Clemency

I'm still working on it and will let you know ASAP if I receive a response.  I know you're up against a clock.

>>> George Kouros <████████@fd.org> 9/9/2019 3:26 PM >>>
Hi Katherine,

That's unfortunate, but thanks for making those calls. (I appreciate it.) So I take it that means that neither ████████, nor any other staff, are allowed to give me a formal statement in support of Mr. Lee's clemency request?

Thanks,
George

George G. Kouros
Staff Attorney, Federal Capital Habeas Project
Office of the Federal Public Defender, Chicago Office

55 E. Monroe Street, Suite 2800

Chicago, IL 60603

(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.

---

**From:** Katherine Siereveld <▆▆▆▆▆▆▆@bop.gov>
**Sent:** Monday, September 9, 2019 1:05 PM
**To:** George Kouros <▆▆▆▆▆▆▆@fd.org>
**Subject:** RE: Clemency

Hi George,
I have been making calls to see who, if anyone, can authorize this type of information.  You're right, this is not directly on point with Touhy, but it is the only vehicle we are aware of that would even allow us to consider a response to this type of request.  Upon further review it may fall more under PS 5840.04, which contemplates this type of information being shared through inmate evaluations/progress reports.  Those documents are forwarded to the Pardon Attorney when we receive the request from that office.  Outside of the official progress report which goes through the unit team, staff are not authorized to express an opinion.
Please give me a call if you would like to discuss.
Thanks,
Katherine

>>> George Kouros <▆▆▆▆▆▆▆@fd.org> 9/9/2019 12:56 PM >>>
Hi Katherine,

I hope you're well. I am checking in again on whether there has been any progress on our speaking to Terre Haute staff about our client, Daniel Lee. We have only a short amount of time remaining to add to our clemency application and would like of course to be able to include this information. My understanding is that ▆▆▆▆▆▆, as well as other SCU officers, are willing to formally provide relevant information in support of our clemency request, and that the only thing precluding them from doing so at this point is the permission of the Bureau.

I also am not clear on why we have to go through the Touhy regulations for this request. I've reviewed the DOJ Touhy regulations (28 CFR 16.21 et seq), as well as the relevant section of the Justice Manual (1-6.000 - DOJ PERSONNEL AS WITNESSES), and neither state that Touhy applies in the context of executive clemency applications. Rather, they discuss demands for testimony for use in judicial proceedings, which, as you know, executive clemency is not. Is there written BOP or DOJ policy that you're relying on? If so, can you please share that with me?

Thanks,
George


George G. Kouros

Staff Attorney, Federal Capital Habeas Project

Office of the Federal Public Defender, Chicago Office

55 E. Monroe Street, Suite 2800

Chicago, IL 60603

(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.

**From:** Katherine Siereveld <███████@bop.gov>

**Sent:** Friday, September 6, 2019 10:20 AM

**To:** George Kouros <████████████@fd.org>

**Subject:** RE: Clemency

I do know and I will continue to move this forward as quickly as possible.  The issue is that our folks are not authorized to provide that kind of information and I don't have the authority to either.  I will call first thing Monday if I have not heard anything before then.
Thanks!
Katherine

>>> George Kouros <███████████@fd.org> 9/6/2019 11:14 AM >>>
Hi Katherine,

Thanks so much for your email. As I'm sure you're aware, under the DOJ regs we only have a very short time to submit supplementary clemency materials. I know you're doing your best, but I hope we can get an answer soon, because we also have to account for the time it's going to take us to collect all the information we need.

Thanks again,
George

George G. Kouros
Staff Attorney, Federal Capital Habeas Project
Office of the Federal Public Defender, Chicago Office
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.

**From:** Katherine Siereveld <███████@bop.gov>

**Sent:** Friday, September 6, 2019 10:07 AM
**To:** George Kouros < ▮▮▮▮▮▮▮▮@fd.org>
**Subject:** Re: Clemency

Hi George,
I apologize for the delay.  We have to go through the *Touhy* regs for requests of this nature.  I have run this up the chain and should have an answer for you shortly.  If you have any questions, please feel free to give me a call.
Thanks,
Katherine

Katherine N. Siereveld
Senior Attorney
FCC Terre Haute
4200 Bureau Road North
Terre Haute, Indiana 47802
▮▮▮▮▮▮▮

>>> George Kouros < ▮▮▮▮▮▮▮@fd.org> 8/30/2019 6:02 PM >>>
Hi Katherine,

I hope you're well. As you know, my client, Daniel Lee has the right to seek executive clemency, and he has until September 13 to supplement his clemency petition with any supporting materials. While I was at the prison this week for a SCU legal visit with my client, I had an opportunity to speak with CO ▮▮▮, who told me some information that is relevant to Mr. Lee's request for clemency. I asked ▮▮ ▮▮▮ if he would be willing to provide me with a formal statement that could be submitted with ▮▮ Lee's clemency materials. He told me that he personally has no issue with providing such a statement, but he was advised by his union rep that he cannot do so unless BOP counsel approves it first. It is my understanding from speaking with ▮▮▮▮▮ that there are other SCU officers who also would be willing to provide statements in support of Mr. Lee, but that they were similarly advised that BOP counsel would have to provide prior approval.

Given the above, I am requesting the following:

1. That you grant ▮▮▮▮▮ approval to provide me with a formal statement in support of Mr. Lee's clemency request.
2. That you provide me with a means to contact ▮▮▮▮▮ after approval has been granted so that I can timely obtain a formal statement from him. (His BOP email address or office number would suffice.)
3. That you notify all current and former SCU staff members that they have approval to provide me with a formal statement in support of Mr. Lee, and also provide them with my contact information.
4. That you promptly notify me if you become aware of any staff member who wishes to provide a statement in support of Mr. Lee, and provide me with a means to contact any such individual.

Thank you for your prompt attention to this matter.

Sincerely,
George

George G. Kouros
Staff Attorney, Federal Capital Habeas Project
Office of the Federal Public Defender, Chicago Office
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(301) 821-0855

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information and is intended only for the use of the addressee. Unauthorized use, disclosure, or copying is prohibited and may be unlawful. If you have received this communication in error, please notify us immediately at (301) 821-0855.