IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LEWIS LEE<br>Register Number 21303-009<br>U.S. Penitentiary Terre Haute<br>Terre Haute, IN 47802<br><br>        Plaintiff,<br><br>        v.<br><br>WILLIAM P. BARR<br>Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530;<br><br>JEFFREY A. ROSEN<br>Deputy Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530;<br><br>ROSALIND SARGENT-BURNS<br>Acting Pardon Attorney<br>Office of the Pardon Attorney<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530;<br><br>KATHLEEN HAWK SAWYER<br>Director<br>Federal Bureau of Prisons<br>U.S. Department of Justice<br>320 First St., NW<br>Washington, DC 20534;<br><br>JEFFREY E. KRUEGER<br>Regional Director<br>Federal Bureau of Prisons<br>North Central Region<br>U.S. Department of Justice<br>400 State Avenue, Suite 800<br>Kansas City, KS 66101; | <br><br><br><br><br><br><br><br><br>Civil Action No. <u>1:19-CV03611-DDL</u><br><br>CAPITAL CASE<br><br>EXECUTION SCHEDULED FOR<br>DECEMBER 9, 2019 AT 8:00AM EST |

1



| | |
|---|---|
| and | ) |
| | ) |
| **T.J. WATSON** | ) |
| **Complex Warden** | ) |
| **U.S. Penitentiary Terre Haute** | ) |
| **4700 Bureau Road South** | ) |
| **Terre Haute, IN 47802,** | ) |
| | ) |
| **In their official capacities; and,** | ) |
| | ) |
| **U.S. Department of Justice** | ) |
| **950 Pennsylvania Avenue, NW** | ) |
| **Washington, DC 20530** | ) |
| | ) |
| **Federal Bureau of Prisons** | ) |
| **U.S. Department of Justice** | ) |
| **320 First St., NW** | ) |
| **Washington, DC 20534** | ) |
| | ) |
| **Office of the Pardon Attorney** | ) |
| **950 Pennsylvania Avenue, NW** | ) |
| **Washington, DC 20530;** | ) |
| | ) |
| **Defendants.** | ) |

## DECLARATION OF KATHERINE N. SIEREVELD

1.    I, Katherine N. Siereveld, hereby declare that I am employed at the Bureau of Prisons ("BOP"), FCC Terre Haute, as a Senior Attorney. I have been employed as a Senior Attorney with the BOP since July 2010.

2.    I have reviewed portions of plaintiff's motion and memorandum in support of a preliminary injunction in this action, specifically Document 4-7 of the motion for preliminary injunction ("Email Chain"). I make this declaration in support of defendants' opposition to the motion for preliminary injunction.

3. As part of my duties as Senior Attorney, I was contacted by plaintiff's attorney, George C. Kouros on August 30, 2019, whereby he made several requests on behalf of plaintiff. *See* Email Chain, Doc. No. 4-7, at 10.

4. Mr. Kouros' requests were not customary, particularly since the requests sought direct contact with BOP employees, so I researched the issue and discussed his requests with my superiors.

5. On September 9, 2019, I responded to the requests that BOP Program Statement 5840.04 would most likely apply. *See* Program Statement 5840.04, attached as Exhibit A. I explained in my email that this type of information could be shared through inmate evaluations and progress reports, which would be provided to the Office of the Pardon Attorney. I further stated that "Outside of the official progress report, which goes through the unit team, staff are not authorized to express an opinion."

6. Under Program Statement 5840.04, staff has the ability "to record an observation, express an opinion, or provide a recommendation for an inmate…through the unit team, Associate Warden, or Warden." *Id.*

7. No BOP officer at Terre Haute has made a request to, or submitted an observation, opinion, or recommendation for plaintiff, pursuant to Program Statement 5840.04, although they are permitted to do so.

8. No BOP officer at Terre Haute expressed a desire or pursued any avenue such as an informal request or a union grievance for permission to provide any statement to counsel for Lee in support of his clemency petition.

9. Furthermore, a U.S. Office of Pardon Attorney regulation prohibits the BOP from forwarding a recommendation, unless specifically requested by the U.S. Pardon Attorney. 28 C.F.R. 571.41(a) and (b).

10. The U.S. Office of the Pardon Attorney did not request a recommendation from the Director of the BOP regarding plaintiff's clemency petition pursuant to 28 C.F.R. § 571.41.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of December, 2019.

KATHERINE SIEREVELD
Digitally signed by KATHERINE SIEREVELD
DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=BOP, cn=KATHERINE SIEREVELD, 0.9.2342.19200300.100.1.1=15001002995492
Date: 2019.12.06 13:11:15 -06'00'

Katherine Siereveld
Bureau of Prisons
Senior Attorney
FCC Terre Haute



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5840.04
DATE: 9/1/99
SUBJECT: Staff Correspondence About Inmates

1. **PURPOSE AND SCOPE.** To outline procedures for staff recommendations and correspondence to agencies and persons about Bureau inmates.

2. **SUMMARY OF CHANGES.** This revision incorporates pretrial/holdover instructions, updates ACA Standards, and includes Program Objectives.

3. **PROGRAM OBJECTIVE.** The expected result of this program is:

The proper procedures will be followed by staff when preparing inmate evaluations and/or letters of recommendation to outside agencies and persons.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

      PS 5840.03     Staff Correspondence About Inmates (3/3/93)

   b. **Directives Referenced**

      PS 1351.04     Release of Information (FOIA & Privacy Act)(12/5/96)
      PS 3420.09     Standards of Employee Conduct (2/5/99)
      PS 5800.11     Inmate Central File, Privacy Folder and Parole Mini-Files (9/8/97)

5. **STANDARDS REFERENCED**

   a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4092, 3-4095

   b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-1E-01, 1E-04



```
                                                      PS 5840.04
                                                      9/1/99
                                                      Page 2
```

   c.  American Correctional Association Standards for Adult Correctional Boot Camp Programs:  1-ABC-1E-01, 1E-07

   d.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-1E-06

6. **PRETRIAL/HOLDOVER/DETAINEE PROCEDURES**.  The procedures outlined in this Program Statement apply to all inmates confined within the Bureau.

7. **USE OF OFFICIAL INFORMATION**

   a.  **Disclosure Restrictions**.  The Program Statement on Standards of Employee Conduct mandates that official information regarding an inmate may be disclosed or released only as required in the performance of an employee's duties or upon specific authorization.

   b.  **Disclosure Authorities**.  Without authorization, staff must not release official information or directly correspond with outside agencies or persons regarding an inmate's:

   - background,
   - institutional behavior,
   - progress, or
   - anticipated community adjustment.

Staff who want to record an observation, express an opinion, or provide a recommendation for an inmate must do so through the inmate's unit team, Associate Warden, or Warden.

The unit team is able to combine and balance recommendations based on a knowledge of the inmate's history, adjustment, and progress in all areas.

**Correspondence** may be **addressed only** to a specific person or agency.

   c.  **Authorized Persons**.  The Director, or designee; Regional Directors, or designees; and Wardens, or designees, are the only persons authorized to release official information.

The reasons for limiting the number of staff authorized to release official information are to:

- avoid implying "official" sanction of an evaluation or recommendation, when, in fact, it is one staff member's opinion.

- avoid implying that a staff member's opinion provides a "total" evaluation of the inmate when that staff member's knowledge and perspective about the inmate may be quite limited.

8. **PROCEDURES**

   a. Inmate evaluations must be made through routine channels, such as work reports, program participation reports, medical reports, etc. Staff wishing to make unique recommendations (for behavior above and beyond normal work or program expectations) must direct correspondence to the unit team, Associate Warden, or Warden.

   b. Staff - Inmate evaluations are to be incorporated into the next progress report and then destroyed. A recommendation will then take the form of an official evaluation, sanctioned by a delegated authority which carries more credence than a staff member's opinion.

   c. Official correspondence which includes staff recommendations about inmates, will be prepared for the Warden's signature. This signature authority may be delegated to other staff as prescribed by applicable directives.

   d. Staff members **must not** give copies of evaluations or letters of recommendation to an inmate, but may inform him or her of their content. This prevents inmates from using copies of such correspondence for unauthorized purposes.

   e. Correspondence generated through "routine" channels becomes part of the Inmate Central File which the inmate may view.

   However, correspondence the Case Manager determines to be improper for release, and not yet incorporated into a progress report, must be removed from the Inmate Central File before inmate review.

9. **OTHER DELEGATED AUTHORITY TO CORRESPOND ABOUT INMATES.** This Program Statement does not limit or negate any other Bureau directive delegating specific authority to a staff member.

/s/
Kathleen Hawk Sawyer
Director