# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIEL LEWIS LEE** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No. 1:19-cv-03611-TSC** |
| | **:** | |
| **WILLIAM P. BARR, et al.** | **:** | |
| | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## EXHIBIT 1

## THE DEPARTMENT OF JUSTICE. 21

The following table shows the number of days devoted to business by the employés of the division of appointments and disbursements:

### 1884.

| | January. | February. | March. | April. | May. | June. | July. | August. | September. | October. | November. | December. | Total. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Days | 31 | 29 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 366 |
| Sundays | 4 | 4 | 5 | 4 | 4 | 5 | 4 | 5 | 4 | 4 | 5 | 4 | 52 |
| Holidays | 1 | 1 | ..... | ..... | 1 | ..... | 1 | ..... | ..... | ..... | 1 | 1 | 6 |
| Working days | 26 | 24 | 26 | 26 | 26 | 25 | 26 | 26 | 26 | 27 | 24 | 26 | 308 |
| (32) class four | 26 | 24 | 26 | 26 | 26 | 25 | 26 | 21 | 26 | 27 | 24 | 26 | 303 |
| (44) class one | 26 | 24 | 26 | 26 | 26 | 22 | 24 | 26 | 24 | 25 | 8 | 21 | 278 |

### 1885.

| | January. | February. | March. | April. | May. | June. | July. | August. | September. | October. | November. | December. | Total. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 365 |
| Sundays | 4 | 4 | 5 | 4 | 5 | 4 | 4 | 5 | 4 | 4 | 5 | 4 | 52 |
| Holidays | 1 | 1 | ..... | ..... | 1 | 2 | ..... | ..... | ..... | ..... | 2 | 1 | 8 |
| Working days | 26 | 23 | 26 | 26 | 25 | 20 | 25 | 26 | 26 | 27 | 23 | 26 | 305 |
| (32) class four | 26 | 23 | 26 | 26 | 25 | 26 | 25 | 22 | 26 | 27 | 23 | 26 | 301 |
| (44) class one | 26 | 23 | 26 | 26 | 24 | 25 | 22½ | 26 | 26 | 7 | 23 | 25 | 270½ |
| (52) copyist* | ..... | ..... | ..... | ..... | ..... | ..... | 17 | 26 | 26 | 27 | 23 | 25 | 144 |

*\* Appointed July 9, 1886.*

### 1886.

| | January. | February. | March. | April. | May. | June. | July. | August. | September. | October. | November. | December. | Total. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 565 |
| Sundays | 5 | 4 | 4 | 4 | 5 | 4 | 4 | 5 | 4 | 5 | 4 | 4 | 52 |
| Holidays | 1 | 1 | ..... | ..... | 1 | ..... | 1 | ..... | ..... | ..... | 2 | 1. | 7 |
| Working days | 25 | 23 | 27 | 26 | 25 | 26 | 26 | 26 | 26 | 26 | 24 | 26 | 306 |
| (34) class four | 25 | 23 | 27 | 26 | 25 | 26 | 26 | 26 | 26 | 26 | 24 | 26 | 306 |
| (44) class one | 24 | 23 | 27 | 26 | 25 | 23 | 24 | 19 | 25 | 8 | 24 | 26 | 274 |
| (52) copyist | 25 | 23 | 27 | 26 | 25 | 26 | 25 | 24 | 17 | 24 | 22 | 24 | 288 |

### 1887.

| | January. | February. | March. | April. | May. | June. | July. | August. | September. | October. | November. | December. | Total. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Days | 31 | 28 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 59 |
| Sundays | 5 | 4 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 9 |
| Holidays | 1 | 1 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 2 |
| Working days | 25 | 23 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 48 |
| (32) class four | 25 | 23 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 48 |
| (44) class one | 24 | 21 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 45 |
| (52) copyist | 25 | 23 | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | ..... | 48 |

## PARDON BUREAU.

DEPARTMENT OF JUSTICE,
*Washington, April —, 1887.*

SIR: The following statement of the method of transacting the business of the Pardon Bureau of this Department is respectfully submitted, in compliance with your request, for the information of the Select Committee of the Senate appointed in pursuance of a resolution adopted March 3, 1887, "to inquire into and examine the methods of business and work in the Executive Departments of the Government, &c.

Every application for pardon addressed to the President is referred to the Attorney-General, and by him to the clerk of pardons for his prompt and appropriate attention. Whereupon, in order to a proper consideration of the case, it becomes necessary for he clerk of pardons to inclose the application to the United States district attorney of the district in which the case occurred, for the purpose of obtaining a statement of the facts in the case and an expression of his opinion, and likewise, if practicable, that of the judge of the district upon the question of the exercise of Executive clem-

**22**                    THE DEPARTMENT OF JUSTICE.

ency in the premises, the following being the form of the circular letter in which the application is transmitted to the district attorney:

"DEPARTMENT OF JUSTICE,
"*Washington*, ———, 188-.

"SIR: The President has consulted the Attorney-General upon the application of ——— ——— for Executive clemency.

"The petition and other papers are herewith inclosed for your examination.

"You are directed to report as to the facts of the case; and also to express your opinion upon the expediency and justice of clemency in the premises. You will communicate, if practicable, with the judge who presided at the trial with a view of obtaining such expression of his opinion in the matter as he may be disposed to make, and transmit such opinion, if any is expressed, with your report.

"And please furnish an abstract of the docket entries, stating the precise offense, sentence, date of sentence, and court by which imposed.

"By direction of the Attorney-General,

"———— ————,
"*Clerk of Pardons.*

"——— inclosures, which please return.
"———— ————,
    "*United States Attorney,*
        "——— *District of* ———."

It is also usual to submit the case to the head of the Executive Department under whose jurisdiction it occurred, which is done not only in deference to the courtesy existing between the co-ordinate departments of the Government, but also for the purpose of eliciting such further facts and expression of official opinion as may thereby be obtained concerning the character of the case and the propriety of recommending the offender's pardon.

For example, if the case under consideration is a violation of the postal laws, a letter is prepared by the clerk of pardons for the Attorney-General to sign, which is sent to the Postmaster-General, and which is in the form following:

"DEPARTMENT OF JUSTICE,
"*Washington*, ———, 188-.

"SIR: You will please find inclosed certain papers relating to an application for the pardon of ——— ———, who was convicted of a violation of the postal laws in the State of ———.

"I have the honor to request an expression of your opinion upon the propriety of granting his pardon.

"Very respectfully,

"———— ————,
"*Attorney-General.*

"The POSTMASTER-GENERAL."

When the necessary information has been obtained to enable the clerk of pardons to make up a proper presentation of the case he prepares his report upon it for submission to the Attorney-General. In doing this he mentions all the material facts to show the character of the offense and the circumstances connected with its commission, being careful at the same time to accord to the convict all that he may be fairly entitled to have said in his favor, so that the Attorney-General will have an impartial representation of the case in making up his mind as to the merits of the application. After the Attorney-General has done this, and indorsed the report with his recommendation for pardon or otherwise, it is sent to the President for his action upon it in the exercise of his constitutional prerogative. If it be the pleasure of the President to grant the pardon asked for, he signifies the same by an autographic memorandum upon the report and returns it to the Department of Justice, whereupon the clerk of pardons prepares for the Attorney-General to sign a requisition upon the Secretary of State for a warrant for pardon, giving the recital to be transcribed therein, the requisition being substantially after the following form:

"DEPARTMENT OF JUSTICE,
"*Washington*, ———, 188-.

"SIR: I am directed by the President to request you to issue a warrant for the pardon of ——— ———, with the following recital:

"Whereas at the ——— term, 188-, of the United States district court for the ——— district of ———, ——— ——— was convicted on a charge of ———, and sentenced to ——— years imprisonment in the penitentiary at ———;

"And whereas it appears that the said ——— ————, previous to the crime of which he was convicted, maintained a good character;

"And whereas it further appears that since his incarceration his health has become so impaired that the attending physician of the prison has certified that longer confinement will cost him his life;

"And whereas the United States district attorney and judge who officiated at his trial have recommend his pardon, which is asked for also by many respectable citizens: Now, therefore, &c.

"Very respectfully,

"——— ————,
"*Attorney-General.*

"The SECRETARY OF STATE."

The warrant for pardon having been prepared at the Department of State, is signed by the President, countersigned by the Secretary of State, and sent to the Department of Justice, when the clerk of pardons transmits it to its proper destination.

At every stage of these proceedings, in the progress of an application for pardon through the Department of Justice, a record is made in a book kept for that purpose, showing, in proper sequence, the name of the convict; the State and district where the case occurred; the nature of the crime; the sentence, and when imposed; the date when application for pardon was filed; when the case was referred to the district attorney; when district attorney's report was received; what the report was, favorable or unfavorable; when the case was reported to the Attorney-General; what his action was; when pardon was granted; when requisition was made on the Secretary of State; when the pardon was transmitted, and to whom.

Similar memoranda are also made on the jackets in which the papers in the case are filed for safe-keeping and future reference.

When the President declines to pardon, the parties are so informed, and the papers in that case filed away in the Department of Justice.

The time required for an application for pardon to get through the Department of Justice depends upon so many contingencies that it is difficult to state it with any degree of certainty. While, for instance, a district attorney to whom a case is referred may be able to report upon it within a week, because of his proximity to the seat of Government, &c., there are cases, sometimes, when the district attorney's residence is thousands of miles away; so that, by reason of that fact, or for mail interruptions, or because of his absence in attendance at court in a distant part of his district, and from other causes, he cannot be heard from for months. Consequently, action on said cases must be, in the mean time, suspended.

Then, too, it occasionally happens that the district attorney knows nothing of the case referred to him, because of its having occurred before the beginning of his term of service, and of the records not being immediately accessible to him.

While pardon cases are pending in the Department of Justice there is more or less correspondence concerning them, which, with personal interviews with regard to them, necessarily occupies much of the time of the clerk of pardons. Members of Congress who write or call to inquire as to the status of cases in which their constituents are interested; lawyers engaged as counsel in such cases; personal friends of the prisoners, and members of their immediate families, constitute the most of these correspondents and visitors. And when it is remembered that all of the duties of the bureau, as detailed in the foregoing statement, devolve upon a single person, it will readily be seen that some clerical assistance is required to aid him in their prompt performance, especially as applications for pardon are constantly increasing, notwithstanding the fact that during the last fiscal year fewer pardons were granted than during those immediately preceding it.

Respectfully submitted.

ALEX. R. BOTELER,
*Clerk of Pardons.*

The ATTORNEY-GENERAL.

---

## MISCELLANEOUS CASES DIVISION.

DEPARTMENT OF JUSTICE,
*Washington, D. C., March 25, 1887.*

SIR: In response to the circular of Hon. F. M. Cockrell, chairman Select Committee United States Senate, dated the 18th instant, a copy of which has been referred to me for consideration and report, I have the honor to call attention to the follow-