## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIEL LEWIS LEE** | ) | |
| **Register Number 21303-009** | ) | |
| **U.S. Penitentiary Terre Haute** | ) | |
| **Terre Haute, IN 47802** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:19-CV03611-TSC** |
| | ) | |
| **WILLIAM P. BARR** | ) | **CAPITAL CASE** |
| **Attorney General** | ) | |
| **U.S. Department of Justice** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **JEFFREY A. ROSEN** | ) | |
| **Deputy Attorney General** | ) | |
| **U.S. Department of Justice** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **ROSALIND SARGENT-BURNS** | ) | |
| **Acting Pardon Attorney** | ) | |
| **Office of the Pardon Attorney** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **KATHLEEN HAWK SAWYER** | ) | |
| **Director** | ) | |
| **Federal Bureau of Prisons** | ) | |
| **U.S. Department of Justice** | ) | |
| **320 First St., NW** | ) | |
| **Washington, DC 20534;** | ) | |
| | ) | |
| **JEFFREY E. KRUEGER** | ) | |
| **Regional Director** | ) | |
| **Federal Bureau of Prisons** | ) | |
| **North Central Region** | ) | |
| **U.S. Department of Justice** | ) | |
| **400 State Avenue, Suite 800** | ) | |
| **Kansas City, KS 66101;** | ) | |

and                                          )
                                             )
**T.J. WATSON**                              )
**Complex Warden**                           )
**U.S. Penitentiary Terre Haute**            )
**4700 Bureau Road South**                   )
**Terre Haute, IN 47802,**                   )
                                             )
**In their official capacities; and,**       )
                                             )
**U.S. Department of Justice**               )
**950 Pennsylvania Avenue, NW**              )
**Washington, DC 20530**                     )
                                             )
**Federal Bureau of Prisons**                )
**U.S. Department of Justice**               )
**320 First St., NW**                        )
**Washington, DC 20534**                     )
                                             )
**Office of the Pardon Attorney**            )
**950 Pennsylvania Avenue, NW**              )
**Washington, DC 20530;**                    )
                                             )
                 **Defendants.**             )

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Daniel Lewis Lee, an inmate at the U.S. Penitentiary (USP), Terre Haute, claims that the defendants deliberately interfered with his ability to obtain and present material evidence from correctional officers at USP Terre Haute in support of his clemency petition, and thus violated his Fifth Amendment Due Process rights and the correctional officers' First Amendment rights. The defendants demonstrated in their opening brief that Lee fails to state a Due Process claim because the Amended Complaint itself shows that Lee was accorded at least "some minimal procedural safeguards" in the clemency proceeding as required by Supreme Court precedent, as well as by courts of appeals interpreting such precedent. Defendants further demonstrated that Lee has not met his burden of establishing third party standing to assert the correctional officers'

First Amendment rights because, among other things, there is no factual allegation supporting the requisite inference that the correctional officers could not advocate for themselves. The defendants further showed that Lee has not stated a First Amendment claim on behalf of the officers because even had the Bureau of Prisons' (BOP) policy chilled the officers' speech—which is itself an unreasonable inference—the matter of Lee's behavior as a prisoner, the subject on which the officers' proposed speech concerns, is not a matter of public concern, nor is the ultimate decision on clemency, which is committed entirely to the President's discretion.

Lee's opposition brief fails to rebut any of the defendants' showings. First, Lee's deliberate interference argument continues to rely on *Young v. Hayes*, 218 F.3d 850 (8th Cir. 2000), which the defendants explained in their opening brief is no longer good law. *Young* failed to account for Justice O'Connor's statement in her concurrence in *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 288-89 (1998), which is the controlling precedent here, that clemency petitioners are only afforded "some minimal procedural safeguards" to deal with "truly outrageous [circumstances] such as (1) 'a scheme whereby a state official flipped a coin to determine whether to grant clemency,' or (2) 'a case where the State arbitrarily denied a prisoner any access to its clemency process.'" *Gissendaner v. Comm'r, Ga. Dep't of Corrections*, 794 F.3d 1327, 1333 (11th Cir. 2015) (quoting *Woodard*).

As explained in defendants' opening brief, the Eighth Circuit's current approach to this issue is exemplified by *Lee v. Hutchinson*, 854 F.3d 978 (8th Cir. 2017), where the court followed the Eleventh Circuit's analysis in *Gissendaner* rather than *Young*. In fact, the *Hutchinson* opinion does not even mention *Young*. Instead, it cites *Gissendaner* in explaining that despite clear violations of Arkansas law, regulations, and policy during the clemency process, Arkansas had

still provided the minimal procedural safeguards required by the Constitution. *Hutchinson*, 854 F.3d at 981 (citing *Woodard*).

Lee's opposition brief does not even cite, let alone address, *Hutchinson* or *Gissendaner*. Nor does Lee explain why the processes afforded to him in relation to his now withdrawn clemency petition—processes that the defendants discussed in detail in their opening brief—are insufficient to meet the minimal procedural safeguards to which he is entitled. Lee's position seems to be that if he is not allowed to submit declarations by the correctional officers, he is necessarily denied due process. That is simply not true. The administrative process afforded to Lee is sufficient to meet the minimal safeguards standard set forth in *Woodard*. It allows individual correctional officers to provide their observations, opinions or recommendations through the inmate's unit team, Associate Warden or Warden in order to present a holistic view of the inmate. *See* BOP Program Statement 5840.04. The administrative process also allows Lee's attorneys to give a presentation to the Office of the Pardon Attorney, and permits the Pardon Attorney to review Lee's disciplinary history, which can in turn be obtained by the Pardon Attorney from the BOP pursuant to 28 C.F.R. § 571.41. That is sufficient process and certainly meets the "minimal procedural safeguards criteria." *Id.*

Lee's assertion that he initially did not receive a definitive answer from BOP personnel regarding whether staff may directly provide their views on Lee's prison behavior to Lee's counsel is of no moment. The BOP policy addressing this issue is articulated in BOP Program Statement 5840.04. *See* Doc. 10-2. The policy was in effect at the time of Lee's request (and continues to be in effect today), and it is readily available to the public on BOP's website. That is, the cited policy is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), and this Court can take judicial notice of the

policy, *see Sears v. Magnolia Plumbing, Inc.*, 778 F. Supp. 2d 80, 84 n.6 (D.D.C. 2011); *Hamilton v. Geithner*, 646 F. Supp. 2d 49, 57 n.6 (D.D.C. 2009); *Baptiste v. BOP*, 554 F. Supp. 2d 1, 3 n.5 (D.D.C. 2008); *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008); *Seifert v. Winter*, 555 F. Supp. 2d 3, 11 n.5 (D.D.C. 2008). There is no allegation that BOP failed to act in conformity with its established policy, and, as demonstrated above, that policy affords sufficient due process.

Second, Lee has failed to carry his burden of establishing that he has third party standing to assert a violation of the correctional officers' right to free speech. Lee attempts to argue that he has plausibly alleged standing. *See* Response to Motion to Dismiss, Doc. 20. However, the plausibility standard assesses whether a plaintiff has stated a *claim*, not standing. Rather, a plaintiff carries the burden of establishing the three prongs of the Article III standing as set forth in the defendants' opening brief, which Lee has failed to do.

As stated in the defendants' opening brief, courts have articulated three prudential considerations to be weighed when determining whether an individual may assert the right of others: "(1) '[t]he litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute,' (2) 'the litigant must have a close relation to the third party,' and (3) 'there must exist some hindrance to the third party's ability to protect his or her own interest.'" *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 43 (D.C. Cir. 1999) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). All that Lee has offered in his Amended Complaint, however, are conclusory allegations at best; he simply asserts that he was injured by defendants' obstruction of the correctional officers' ability to provided information in support of his clemency process; that he has a "close relationship" with the officers who wish to speak on his behalf; and that the officers' speech was chilled by their fear of reprisal, discipline, discharge, and other possible job-related harms. *See* Response, pp.16-18. Lee's conclusory allegations,

specifically that the guards will suffer "potential adverse consequences" are the very type of allegations the Supreme Court has said are insufficient in *Iqbal* and *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Lee cannot meet all three prongs of *Lepelletier*, he has no standing to bring a First Amendment claim on behalf of the correctional officers.

Third, even if Lee has third party standing to sue, he has not alleged a violation of the correctional officers' First Amendment rights. Lee's argument that the correctional officers would provide their opinions as a private citizen misses the mark. A correctional officer's opinion about an inmate's prison behavior is based on the officer's observation while performing his official duties. Not only is the officer duly required to record such opinions as part of his duties, such opinions are specifically addressed in the BOP Program Statement 5840.04. If every single public employee is able to argue that he or she is merely speaking as a private citizen, then the Supreme Court jurisprudence on appropriate restrictions of public employees' free speech rights would not have been necessary. *See Pickering v. Board of Education*, 391 U.S. 563, 574 (1968); *Garcetti v. Ceballos*, 547 U.S. 410, 418–20 (2006).

Lee's argument that the officers' proposed "speech" is a matter public concern is also without merit. While the issue of whether capital punishment should ever be imposed is undoubtedly a matter of public debate because the punishment is assessed against "the evolving standards of decency that mark the progress of a maturing society," *Roper v. Simmons*, 543 U.S. 551, 561 (2005) (citation omitted), Lee's prison behavior—about which the proposed speech is concerned—is strictly a private matter unique to Lee. The same is true with respect to the issue of whether Lee is entitled to clemency based on his individual circumstances, which is inherently a discretionary decision. To be sure, Lee argues that his sentence is unfair, but that does not make

it a matter of public concern; were it otherwise, every criminal defendant seeking clemency could simply challenge the fairness of his sentence.  That is not the law.  As set forth in the opening brief, Lee has other avenues and remedies for challenging his sentence.  Clemency is a matter of executive discretion and this Court should not allow Lee collaterally attack his sentence through the clemency process.

For the foregoing reasons, the motion to dismiss should be granted.


Respectfully submitted,

CODY HILAND
United States Attorney
Eastern District of Arkansas

By:
*/s/ Shannon S. Smith*
SHANNON S. SMITH (AR Bar No. 94172)
JAMIE G. DEMPSEY (AR Bar No. 2007239)
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
501.340.2600
shannon.smith@usdoj.gov
jamie.dempsey@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2020, I caused a true and correct copy of foregoing to be served on all counsel of record listed below via the Court's CM/ECF system.

Ruth Friedman
John Paul Nidiry
Federal Capital Habeas Project
Federal Defender for the District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
ruth_friedman@fd.org
john_nidiry@fd.org


David S. Victorson
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004
david.victorson@hoganlovells.com

Pieter Van Tol
HOGAN LOVELLS US LLP
390 Madison Ave
New York, NY  10017
pieter.vantol@hoganlovells.com


*/s/ Shannon S. Smith*
Assistant United States Attorney