# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DANIEL LEWIS LEE** | ) | |
| **Register Number 21303-009** | ) | |
| **U.S. Penitentiary Terre Haute** | ) | |
| **Terre Haute, IN 47802** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. <u>1:19-CV03611-DDL</u>** |
| | ) | |
| **WILLIAM P. BARR** | ) | **CAPITAL CASE** |
| **Attorney General** | ) | |
| **U.S. Department of Justice** | ) | **EXECUTION SCHEDULED FOR** |
| **950 Pennsylvania Avenue, NW** | ) | **DECEMBER 9, 2019 AT 8:00AM EST** |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **JEFFREY A. ROSEN** | ) | |
| **Deputy Attorney General** | ) | |
| **U.S. Department of Justice** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **ROSALIND SARGENT-BURNS** | ) | |
| **Acting Pardon Attorney** | ) | |
| **Office of the Pardon Attorney** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, DC 20530;** | ) | |
| | ) | |
| **KATHLEEN HAWK SAWYER** | ) | |
| **Director** | ) | |
| **Federal Bureau of Prisons** | ) | |
| **U.S. Department of Justice** | ) | |
| **320 First St., NW** | ) | |
| **Washington, DC 20534;** | ) | |
| | ) | |
| **JEFFREY E. KRUEGER** | ) | |
| **Regional Director** | ) | |
| **Federal Bureau of Prisons** | ) | |
| **North Central Region** | ) | |
| **U.S. Department of Justice** | ) | |
| **400 State Avenue, Suite 800** | ) | |
| **Kansas City, KS 66101;** | ) | |

and                                        )
                                           )
T.J. WATSON                                )
Complex Warden                             )
U.S. Penitentiary Terre Haute              )
4700 Bureau Road South                     )
Terre Haute, IN 47802,                     )
                                           )
In their official capacities; and,         )
                                           )
U.S. Department of Justice                 )
950 Pennsylvania Avenue, NW                )
Washington, DC 20530                       )
                                           )
Federal Bureau of Prisons                  )
U.S. Department of Justice                 )
320 First St., NW                          )
Washington, DC 20534                       )
                                           )
Office of the Pardon Attorney              )
950 Pennsylvania Avenue, NW                )
Washington, DC 20530;                      )
                                           )
                    Defendants.            )

### DECLARATION OF KIRA GILLESPIE

1.      I, Kira Gillespie, hereby declare that I am employed at the Office of the Pardon

Attorney ("OPA") as a Senior Attorney Advisor.  I have been employed in that position since

January 11, 2015, and I have been employed at the Office of the Pardon Attorney since

November 8, 2010.

2.      I have reviewed plaintiff's complaint and his motion and memorandum in support

of a preliminary injunction in this action.  I make this declaration in support of defendants'

opposition to the motion for preliminary injunction.

3.      I was the Senior Attorney assigned to review plaintiff's clemency petition. In that

capacity, I was responsible for reviewing plaintiff's clemency materials, coordinating

communication with other clemency stakeholders to obtain their responses, scheduling the necessary meetings with plaintiff's attorneys, and drafting the recommendation OPA makes to the Deputy Attorney General and the White House. .

4.      Plaintiff's clemency package was voluminous. It included a completed and signed version of the standard clemency application, an accompanying memorandum prepared by plaintiff's attorneys describing the reasons for seeking clemency, as well as three packages of accompanying exhibits that contained: letters from the sentencing judge and original prosecuting attorney; declarations and memorandums from various mental health professionals; a DNA lab report; a newspaper article; clinical reports and notes from plaintiff's juvenile incarcerations and stays in mental health facilities; and a letter from the warden addressing petitioner's request to remove his tattoos while in prison.

5.      As part of gathering information for plaintiff's clemency petition, I also obtained official court documents, including the judgment and special investigation report prepared by the probation office, and information from plaintiff, to include, oral statements made at a hearing on October 23, 2019, a video submission presumably made by plaintiff's attorneys that contained statements from the victims' family, and a declaration from a member of the jury panel, which were considered by OPA.

6.      As a part of gathering information for plaintiff's clemency petition, I obtained and reviewed records from the Bureau of Prisons ("BOP") regarding plaintiff's behavior and progress during his incarceration in the BOP, including the progress report prepared in 2016, and SENTRY reports (BOP's internal documentation system) that showed recent conduct, programming, and time served.   Those records provided details about Lee's disciplinary history, his completed educational courses, and his work history, including that he had served as an

orderly at Terre Haute USP.  Additionally, the records showed that Lee had numerous infractions during the early stages of his imprisonment (twenty-two infractions from 2002 through 2008), but fewer infractions during later stages of his imprisonment (seven infractions from 2010 through 2014). The records also showed that, since 2014, Lee has had no misconduct noted in his disciplinary record.  This type of information is standard information provided by the BOP to OPA when an inmate files a clemency petition. OPA considered all of this information – and more – in reviewing Lee's clemency petition.

7.      As the senior attorney assigned to Lee's clemency petition, I also led and attended the clemency hearing with plaintiff's counsel on October 23, 2019. The purpose of that hearing was to allow plaintiff's attorneys to present the reasons and bases for which Lee is seeking clemency from the President.  At the hearing, counsel for plaintiff did not provide any information that BOP officers had either provided statements or expressed an interest in providing statements in support of plaintiff's clemency petition, nor did they make any comments or ask any questions about their inability to obtain and present such statements from BOP officers. In response to a question from OPA staff regarding whether plaintiff had any statement to make regarding his clemency application and his current beliefs, counsel advised that they did not allow Lee to make such a statement; instead, counsel alluded to their beliefs that the BOP officers would support counsel's statements that petitioner has demonstrated empathy toward the officers. Counsel also stated that they were unable to provide us with a great deal of information about what plaintiff does in prison, but they did not elaborate on either of those statements made in passing.

8.      The Office of the Pardon Attorney did not request a recommendation from the Director of the BOP regarding plaintiff's clemency petition pursuant to 28 C.F.R. § 571.41.

4

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of December, 2019.

Kira Gillespie
Office of the Pardon Attorney
Senior Attorney Advisor

5